# Supreme Court of Florida

_____

No. SC17-1285
_____

**TROY VICTORINO,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

[March 8, 2018]

PER CURIAM.

Troy Victorino, a prisoner under sentences of death, appeals the portions of the postconviction court's order denying in part his successive motion for postconviction relief, which was filed under Florida Rule of Criminal Procedure 3.851. We have jurisdiction. *See* art. V, § 3(b)(1), Fla. Const.

## I. BACKGROUND

On July 25, 2006, after a jury trial, Victorino was found guilty of the following crimes: one count of conspiracy to commit aggravated battery, murder, armed burglary of a dwelling, and tampering with physical evidence; six counts of first-degree murder of victims Erin Belanger, Francisco Ayo Roman, Jonathon W.

Gleason, Roberto Manuel Gonzalez, Michelle Ann Nathan, and Anthony Vega; one count of abuse of a dead human body with a weapon; one count of armed burglary of a dwelling; and one count of cruelty to animals. After the penalty phase, the jury returned a recommendation that Victorino be sentenced to death for the murders of Erin Belanger (by a vote of ten to two), Francisco Ayo Roman (by a vote of ten to two), Jonathon W. Gleason (by a vote of seven to five), and Roberto Manuel Gonzalez (by a vote of nine to three), and to life imprisonment for the murders of Michelle Ann Nathan and Anthony Vega. The trial court followed the jury's recommendation and imposed four death sentences on Victorino.

We affirmed Victorino's convictions and death sentences on direct appeal. *Victorino v. State*, 23 So. 3d 87 (Fla. 2009). We thereafter affirmed the denial of Victorino's initial motion for postconviction relief and denied his petition for a writ of habeas corpus. *Victorino v. State*, 127 So. 3d 478 (Fla. 2013).

Following the United States Supreme Court's decision in *Hurst v. Florida*, 136 S. Ct. 616 (2016), and this Court's decisions in *Hurst v. State*, 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017), and *Mosley v. State*, 209 So. 3d 1248 (Fla. 2016), Victorino filed a successive postconviction motion. The postconviction court granted Victorino's motion in part, ordering that Victorino's death sentences be vacated and a new penalty phase be held in light of the *Hurst* and *Mosley* decisions. But the postconviction court denied the portions of

- 2 -

Victorino's motion in which he argued that he was entitled to be resentenced to life imprisonment based on section 775.082(2), Florida Statutes, the prohibition against double jeopardy, and the prohibition against ex post facto laws. Victorino now appeals the portions of the postconviction court's order denying in part his successive motion.

## II. ANALYSIS

### A. Section 775.082(2), Florida Statutes

Victorino concedes we have already ruled in *Hurst v. State* and *Franklin v. State*, 209 So. 3d 1241 (Fla. 2016), that section 775.082(2)[1] does not require death sentences imposed in violation of *Hurst v. Florida* to be commuted to life. Nonetheless, Victorino urges us to reconsider our interpretation of section 775.082(2) in light of the fact that his case involves a mass murder and four death sentences. Victorino asserts that under these circumstances a new penalty phase

---

1. Section 775.082(2) provides:

> In the event the death penalty in a capital felony is held to be unconstitutional by the Florida Supreme Court or the United States Supreme Court, the court having jurisdiction over a person previously sentenced to death for a capital felony shall cause such person to be brought before the court, and the court shall sentence such person to life imprisonment as provided in subsection (1). No sentence of death shall be reduced as a result of a determination that a method of execution is held to be unconstitutional under the State Constitution or the Constitution of the United States.

- 3 -

would be especially time consuming and costly and therefore it would be reasonable for us to construe section 775.082(2) in a way that would require his death sentences to be commuted to life sentences. We find Victorino's suggestion that we reconsider our interpretation of section 755.082(2) based on the facts of his case unpersuasive and conclude that section 775.082(2) does not entitle Victorino to be resentenced to life imprisonment.

## B. The Prohibition Against Double Jeopardy

Victorino next argues that because none of the four jury recommendations for the death penalty in his case were unanimous, he was "acquitted" of the death penalty and therefore subjecting him to a new penalty phase, in which he will again be eligible for the death penalty, violates the prohibition against double jeopardy. This claim is meritless. The *Hurst* decisions do not "acquit" Victorino of his four death sentences. As the United States Supreme Court discussed in *Sattazahn v. Pennsylvania*, 537 U.S. 101, 114 (2003), a retrial of a capital defendant does not implicate double jeopardy, stating, "[n]or, in these circumstances, does the prospect of a second capital-sentencing proceeding implicate any of the 'perils against which the Double Jeopardy Clause seeks to protect' " (citation omitted). Victorino has not been acquitted of the death penalty or deemed to be an inappropriate candidate for the death penalty. The postconviction court correctly applied the law in determining that double jeopardy does not bar a new penalty

phase in which Victorino will again be eligible for the death penalty. Victorino is not entitled to relief.

### C. The Prohibition Against Ex Post Facto Laws

Victorino argues that to "apply the recent, post-*Hurst* case law retroactively to make the Defendant death-eligible would violate the constitutional prohibitions against ex post facto laws." Initial Brief of Appellant at 18, *Victorino v. State*, No. SC17-1285 (Fla. Sept. 21, 2017). For a criminal law to be ex post facto it must be retrospective, that is, it must apply to events that occurred before its enactment; and it must alter the definition of criminal conduct or increase the penalty by which a crime is punishable. *Lynce v. Mathis*, 519 U.S. 433, 441 (1997). Florida's new capital sentencing scheme, which requires the jury to unanimously and expressly find all the aggravating factors that were proven beyond a reasonable doubt, unanimously find that sufficient aggravating factors exist to impose death, unanimously find that the aggravating factors outweigh the mitigating circumstances, and unanimously recommend a sentence of death before the trial judge may consider imposing a sentence of death, *see* § 921.141(2), Fla. Stat. (2017), neither alters the definition of criminal conduct nor increases the penalty by which the crime of first-degree murder is punishable. Thus, it does not constitute an ex post facto law, and Victorino is therefore not entitled to relief.

### III. CONCLUSION

For these reasons, we affirm the portions of the postconviction court's order denying Victorino's claims that he is entitled to have his death sentences reduced to life sentences.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Volusia County,
    Randell H. Rowe, III, Judge - Case No. 642004CF001378XXXAWS

Christopher J. Anderson of Law Office of Christopher J. Anderson, Neptune Beach, Florida,

    for Appellant

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, and Doris Meacham, Assistant Attorney General, Daytona Beach, Florida,

    for Appellee